IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | ) ) ) ) | No. 78030-1-I |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| RONALD V. MA'AE, | ) ) | |
| Respondent. | ) ) | FILED: April 1, 2019 |

SCHINDLER, J. — The Department of Labor and Industries (Department) appeals the superior court order affirming the decision and order of the Board of Industrial Insurance Appeals (BIIA).[1] The BIIA reversed the decision of the Department to deny the application of Ronald V. Ma'ae to reopen his industrial injury claim because he did not submit medical documentation from a Department network provider as required under the 2012 amendment to WAC 296-14-400. WASH. ST. REG. 12-06-066 (effective January 1, 2013). The BIIA concluded the statute establishing a health care provider network, RCW 51.36.010, and the statute that allows a worker to reopen a claim for aggravation, RCW 51.32.160, do not limit a worker from filing an application to reopen

---

[1] The facts are fully set forth in Ma'ae v. Department of Labor & Industries, No. 77737-8-I (Wash. Ct. App. Apr. 1, 2019), http://www.courts.wa.gov/ opinions/.

with medical documentation only from a Department network provider. The BIIA remanded to the Department to consider the medical documentation submitted by a doctor who is not a member of the provider network.

In Ma'ae, No. 77737-8-I, we held promulgating the amendment to WAC 296-14-400 exceeded the authority of the Department and is invalid. Accordingly, we affirm the superior court order. Upon compliance with RAP 18.1, Ma'ae is entitled to an award of attorney fees and costs under RCW 51.52.130.

WE CONCUR: